Opinion issued December 19, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00279-CV






DAMINI COOK, Appellant


V.


MISSIONARY VILLAGE APARTMENTS, Appellee






On Appeal from County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 875352




 


MEMORANDUM OPINION This is an appeal of a residential eviction suit. See Tex. Prop. Code Ann.
§ 24.007 (Vernon 2000). The justice court rendered a default judgment awarding
possession to the landlord, appellee Missionary Village Apartments, which is a
federally subsidized, multifamily housing complex. See generally Tex. Prop. Code
Ann. §§ 24.001-.0061 (Vernon 2000 & Supp. 2008) (forcible detainer actions). 
Appellant Damini Cook appealed de novo to the county civil court at law. See Tex.
R. Civ. P. 749. After a bench trial, the county court rendered judgment awarding
possession to Missionary Village.

 Cook's sole issue is that the county court improperly awarded possession to
Missionary Village because federal regulations prevent the termination of a tenancy
unless proper written notice is given. Missionary Village has not filed an appellee's
brief.

 To terminate a tenancy in federally subsidized housing, federal regulations and
due process both require adequate notice detailing the grounds for termination. Nealy
v. Southlawn Apartments, 196 S.W.3d 386, 389-90 (Tex. App.--Houston [1st Dist.]
2006, no pet.). The regulations set forth by the United States Department of Housing
and Urban Development require that a landlord's determination to terminate the
tenancy shall be in writing and "state the reasons for the landlord's action with
enough specificity so as to enable the tenant to prepare a defense." 24 C.F.R.
§ 247.4(a)(2) (2007).


 Missionary Village's notice of termination stated:

 You are hereby notified of our intention to terminate your tenancy
at the above-referenced property addresses. This notice is provided
based on serious and material violations of your Lease Agreement with
Missionary Village Apartments (the "Landlord"), and violations of the
Community Policies and House Rules. Specifically, the grounds for
termination of you tenancy are as follow:


 Paragraph #23: TERMINATION OF TENANCY: c. the
Landlord may terminate this Agreement for the following
reasons: 6. criminal activity by a Tenant, any member of
the household, a guest or another person under the
Tenant's control: (a) that threatens the health, safety, or
right to peaceful enjoyment of the premises by other
residents (including property management staff residing on
the premises or (b) that threatens the health, safety, or right
to peaceful enjoyment of their residents by person residing
in the immediate vicinity of the premises. d. Material
noncompliance of the lease (2) repeated minor violations
of the lease that (a) disrupt the livability of the project; (c)
interfer with the management of the property.

[Sic]. This termination notice contains only vague and broad allegations that Cook
engaged in some type of undesirable behavior. The notice lacks the specificity
required by both 24 C.F.R. § 247.4(a)(2) and the case law interpreting the federal
regulation. See Nealy, 196 S.W.3d at 390-91 (discussing cases interpreting federal
termination notice requirements). Accordingly, we agree that Missionary Village's
notice of termination was inadequate.

 Cook asks this Court to reconsider our decision in Nealy in which we held that
a harm analysis applies to a termination notice under the Department of Housing and
Urban Development's regulations. See Nealy, 196 S.W.3d at 389-93; see also 24
C.F.R. § 247.3(a) ("No termination shall be valid unless it is in accordance with the
provisions of § 247.4."). We need not reconsider Nealy, however, because a harm
analysis cannot be conducted in this case because there is nothing in the record,
including the county court's findings of fact, to indicate that Cook had any notice of
the termination other than the notice of termination quoted above.

 Because the county court should not have terminated Cook's tenancy, we hold
the county court erred in awarding possession to Missionary Village based on a
forcible detainer. See Tex. Prop. Code Ann. § 24.002 (Vernon 2000) (person
commits forcible detainer if person wilfully and without force holds over after
termination of tenant's right to possession). Accordingly, we sustain Cook's sole
issue. We reverse the county court's judgment and render a take-nothing judgment.



 Sam Nuchia 

 Justice


Panel consists of Justices Nuchia, Alcala, and Hanks.